**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**HARLIS D. ATTEBERRY,**
**#2014-050467,**

**Petitioner,**

     **vs.**

**RICH STEVENSON, CINDI KECK,**
**JOHN WEIBLER, GEORGE GUIDISH,**
**and MARION COUNTY LAW**
**ENFORCEMENT,**

**Respondent.**                    **Case No. 14-cv-1409-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

Petitioner Harlis Atteberry brings this habeas corpus action pursuant to 28 U.S.C. § 2254.[1]  In the original petition (Doc. 1) and a motion to amend the petition[2] (Doc. 5), Atteberry alleges that while he was on parole in February 2014, he was subjected to an unlawful search and seizure by three parole agents,[3] who were employed by the Illinois Department of Corrections ("IDOC").  As a result, Atteberry was taken back into custody and charged with several drug-related

---

[1] Although the petition cites an Illinois statute in support of Atteberry's request for habeas relief, the federal habeas corpus statute, 28 U.S.C. § 2254, provides Atteberry with access to the federal forum for claims of unconstitutional treatment at the hands of state officials.  *See Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).  The petition is therefore analyzed under Section 2254.

[2] Atteberry filed a motion to amend the petition/correct error (Doc. 5), which sets forth additional allegations and a request to substitute a party.  No proposed amended petition was filed with the motion.  Therefore, the Court construes Atteberry's motion merely as a request to supplement the existing petition (Doc. 1) with the additional allegations contained in Document 5.  When construed as such, the motion (Doc. 5) shall be granted.

[3] These parole agents include Cindi Keck, John Weibler, and George Guidish.

crimes, while evidence was gathered at his host site for use against him at trial. Atteberry seeks release from custody and suppression of all evidence that was gathered during the allegedly unlawful search and seizure.

This matter is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  After carefully reviewing the original petition (Doc. 1) and supplement (Doc. 5), the Court concludes that it lacks jurisdiction to entertain the petition at this time.  Accordingly, the petition shall be **DISMISSED**.

## I.      Habeas Petition

On August 17, 2012, Atteberry was allegedly released on parole from the Illinois Department of Corrections ("IDOC") (Doc. 1, p. 1).  On February 11, 2014, three parole agents arrived at Atteberry's host site for a "compliance check." He admitted the three parole agents into the residence.  After noting that Atteberry appeared to be "under the influence of some undisclosed . . . substance," the parole agents conducted a pat down search of Atteberry and a warrantless search of the residence (Doc. 1, p. 1).  According to the petition, Atteberry "purportedly gave Agent [Guidish] consent to search [the] host site" (Doc. 1, p. 1).

Atteberry maintains that this search was conducted without his consent, in violation of IDOC regulations, and in violation of his Fourth Amendment rights.

Despite the fact that nothing was found during the pat down search, Atteberry was taken into custody and transported to the Marion County Law Enforcement Center.  Meanwhile, evidence was gathered from the host site for use against Atteberry at trial (Doc. 5, p. 1).  Although the allegations in the petition are far from clear, it appears that Atteberry was subsequently charged with possession and manufacturing of methamphetamine (Doc. 1, p. 2).

Atteberry seeks release from custody and suppression of all evidence gathered during the allegedly unlawful search and seizure.  Atteberry offers no information regarding his underlying conviction(s) or sentence(s), the conditions of his parole, or his efforts to exhaust state court remedies prior to filing his habeas petition in federal court (Docs. 1, 5).

## II.   <u>Discussion</u>

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a) (emphasis added).  At the time of filing the petition, Atteberry was not in custody pursuant to a *judgment* that had already been entered against him on the drug-related charges.  According to the petition, he was awaiting trial on these charges.  In anticipation of a possible

judgment, Atteberry filed this action seeking to suppress evidence and seeking release from custody.  Absent a judgment, however, the Court lacks jurisdiction to entertain Atteberry's petition.

Further, it would not be appropriate to interfere with Atteberry's pending state criminal prosecution.  While "[f]ederal courts have a virtually unflagging obligation to exercise the jurisdiction given them," *Trust & Inv. Advisers, Inc. v. Hogsett*, 43 F.3 290, 294 (1994) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)), the United States Supreme Court recognizes certain exceptions to this principle.  *See Younger v. Harris*, 401 U.S. 37 (1971).  The *Younger* doctrine forbids federal courts, under most circumstances, from enjoining a pending state criminal prosecution.  *Id.*; *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012).  "[I]f a person is believed to have violated a state law, the state has instituted a criminal, disciplinary, or other enforcement proceeding against him, and he has a federal defense, he cannot scurry to federal court and plead that defense as a basis for enjoining the state proceeding."  *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436 (1982).  The Supreme Court has long held that "[t]he propriety of arrests and the admissibility of evidence in state criminal prosecutions are ordinarily matters to be resolved by state tribunals . . . subject, of course, to review by certiorari or appeal in [the Supreme Court] or, in a proper case, on federal habeas corpus."  *Perez v. Ledesma*, 401 U.S. 82, 84 (1971) (citing *Younger*, 401 U.S. 37; *Stefanelli v. Minard*, 342 U.S. 117 (1951); *Ex parte*

*Young*, 209 U.S. 123 (1908)).  Intruding into the State's criminal process would be improper under the circumstances presented in Atteberry's petition.

Accordingly, the petition shall be dismissed.  However, the dismissal shall be without prejudice, so that Atteberry may file a new petition pursuant to 28 U.S.C. § 2254, should he wish to do so, once judgment is entered in the criminal matter and his state appellate and post-conviction remedies are exhausted.[4]  *See* 28 U.S.C. § 2254(b)(1).

## III.   <u>Pending Motions</u>

Atteberry's motion to amend petition (Doc. 5), is hereby **GRANTED**, to the extent that the motion sets forth additional allegations that were intended to supplement the existing petition (Doc. 1).  The Court did, in fact, consider the allegations in Document 5 when preparing this Order.

Atteberry's motion for service of process at government expense is **DENIED** as **MOOT** (Doc. 3).

---

[4] The law requires Atteberry to exhaust his state court remedies before addressing his claims in federal court, or else show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254 (b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." (internal citations omitted)).  A prisoner need not pursue all separate state remedies that are available to him, but must give the state courts "one fair opportunity to pass upon and correct the alleged violations."  *McAtee*, 250 F.3d at 509.

### IV.   <u>Disposition</u>

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* ("IFP") should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[5]

Should petitioner desire to appeal this Court's ruling dismissing his petition for a writ of habeas corpus, he must first secure a certificate of appealability, either from this Court or from the court of appeals.  *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1).  Pursuant to 28 U.S.C. § 2253, a certificate

---

[5] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.  FED. R. CIV. P. 59(e).

of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Id*. at 338 (citation omitted).  If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254 because his petition is premature.  Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect.  Petitioner has not made "a substantial showing of the denial of a constitutional right." **IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 25, 2015**

Digitally signed by
David R. Herndon
Date: 2015.03.25
14:44:13 -05'00'

**District Judge**